IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNITEDHEALTHCARE OF ILLINOIS, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 01-479C (Judge Allegra) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S UNOPPOSED MOTION FOR
AN ENLARGEMENT OF TIME TO COMPLETE DISCOVERY

Pursuant to Rule 6.1 of the Rules of this Court, defendant, the United States, respectfully requests an enlargement of time of 90 days, from October 29, 2003, through and including January 27, 2004, for the parties to complete discovery. This is defendant's first request for an enlargement of time for this purpose.[1] Counsel for plaintiff has indicated that plaintiff does not oppose this request.

In the April 3, 2003 scheduling order, this Court stated that, absent concrete indication that settlement was imminent, the deadlines in the scheduling order would not be further extended. However, as set forth below, there are compelling reasons to grant our present request for an additional brief enlargement of time.

[1] The discovery deadline previously has been enlarged for a total of 182 days pursuant to motions filed by plaintiff.

Since early in this action, this case has been on a settlement track. The parties have freely exchanged information and have a good working relationship. Since the prior enlargement was granted, the parties have made significant strides towards settlement.

Specifically, in its complaint, plaintiff sought in excess of $8.7 million for alleged underpayments. In its August 8, 2003 expert report, plaintiff adjusted its claim downward by more than $2 million, to just under $6.7 million. This was the result of payments by the Government that apparently had been omitted from the earlier calculations. This adjustment alone significantly increased the chances that the parties would reach a final settlement.[2]

Moreover, since plaintiff served its expert report, still more progress towards settlement has been made. Although we are not at liberty to discuss specifics, because to do so would disclose the content of settlement negotiations, it is fair to say that recent progress towards settlement has been significant. The Government believes that the main reason it has taken this long for the parties to reach the current stage of negotiations is because they have been exploring the issues in depth.

---

[2] Because the reason the adjustment was necessary is not relevant to the present enlargement motion, we do not provide any further detail regarding the adjustment. If this action proceeds to litigation, the parties can each provide their own explanation to the Court.

Consequently, because plaintiff presumably was attempting to be thorough, it took several months for plaintiff to respond to certain important issues that we had raised.

Nonetheless, the parties deliberate approach to settlement, in the long run, is proving more successful than simply floating settlement figures likely would have been. We anticipate that the parties will meet one or more times during the next few weeks in an attempt to agree upon terms that can be recommended to the agency and the authorized representative of the Attorney General. Under these circumstances, an additional enlargement of the discovery deadline is appropriate.

Further, besides providing the parties with the opportunity to settle this action, an enlargement of time is necessary so that discovery can be conducted in a thorough and proper manner. At the present time, the parties have exchanged expert reports. However, because this case has been on a settlement track, plaintiff did not serve its first discovery requests and its first requests for admissions until August 11, 2003, after which we served our own discovery requests. Plaintiffs requests are extensive. For instance, plaintiff has served us with 55 requests for admissions, which, according to the date stamp on the document, were not received by our office until approximately August 21, 2003.

Given the complexity of this case and fact that the claims extend back as far as the 1980s, the requested enlargement is necessary to provide us with additional time to respond to plaintiff's discovery requests and requests for admissions. The Government will be prejudiced if we are required to complete discovery by the current deadline. The timing of plaintiff's requests was beyond the Government's control. We had no way to respond to plaintiff's requests until after we received them.

Further, in addition to responding to written discovery, the parties must conduct depositions, including Rule 30(b)(6) depositions. It will require significant time to properly prepare to take and defend the depositions. Given that the parties are continuing to make substantial strides towards settlement, resolution of this action is far more likely if the parties are able to devote all of their time and resources, at least for the next few weeks, to settlement negotiations.

Finally, it is our understanding that plaintiff intends to amend its expert report. Consequently, our expert very likely will need to amend his report as well. Following the amendment of the reports, each side will need to depose the expert of the other side regarding the amended reports. All of this cannot reasonably be completed before the expiration of the current deadline. The proposed 90-day enlargement of time not only will enable the Government to avoid having to prepare hasty discovery

responses, it will provide the parties with a very much needed final opportunity to settle the case.[3]

CONCLUSION

For the foregoing reasons, defendant respectfully requests an enlargement of time of 90 days, to and including January 27, 2004, for the parties to complete discovery.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

[3] In the event that the Court does not grant our enlargement motion, we respectfully request that the Court schedule a status conference for a date prior to the expiration of the discovery deadline, so that we can further discuss the issues of discovery and settlement. Further, there currently is a joint status report due on November 12, 2003. The parties can advise the Court at that time of any further progress that has been made towards settlement.

s/ Franklin E. White, Jr.

FRANKLIN E. WHITE, JR.
Assistant Director

s/ Richard P. Schroeder

RICHARD P. SCHROEDER
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
Eighth Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562
Facsimile: (202) 305-3291
email: richard.schroeder@usdoj.gov

Attorneys for Defendant

October 14, 2003

Certificate of Filing

I hereby certify that on October 15, 2003, a copy of foregoing DEFENDANT'S UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME TO COMPLETE DISCOVERY was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Richard P. Schroeder